Case 2:04-cv-00220-TS   Document 72   Filed 03/16/06   Page 1 of 8

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER CREST ASSOCIATES I, L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DEER CREST RESORT GROUP, L.L.C., a Delaware Limited Liability Company, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br>Case No. 2:04-CV-220 TS |

This matter came before the Court on March 13, 2006, for hearing on Plaintiff's Motion for Partial Summary Judgment.[1] The Court issued an oral ruling regarding Defendants'[2] breach of contract counterclaims, but took the remaining issues under advisement. The Court has considered the written submissions and oral argument of counsel and, being otherwise fully

---

[1] Docket No. 12.

[2] This Motion pertains to all Defendants except the first named Defendant, Deer Crest Resort Group (DCRG). The Court will refer to Avalon Deer Valley, L.L.C., Willamette Landing Development, Inc., and A. Paul Brenneke simply as Defendants herein.

1

informed, will grant Plaintiff's Motion for Summary Judgment for the reasons stated at the hearing and more fully set forth below.

I.      BACKGROUND

This matter was originally brought by Plaintiff in state court, but was removed to this Court on March 8, 2004. After the granting of additional time for discovery pursuant to Fed. R. Civ. P. 56(f),[3] the instant Motion completed supplemental briefing on March 6, 2006.

In the interim, the parties stipulated to the voluntary dismissal of Defendant's defamation counterclaim[4] and tortious interference counterclaims.[5] Therefore, before the Court are three breach of contract claims, as well as claims for unjust enrichment, misappropriation, and conversion. The Court will address each, in turn.

II.     DISCUSSION

   A.   Standard of Review.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] In reviewing the record, the Court views the evidence and draws any inferences

---

[3] Docket No. 30.

[4] On February 1, 2006. Docket No. 55.

[5] On March 2, 2006. Docket No. 66.

[6] Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

therefrom in the light most favorable to the party opposing summary judgment.[7]  The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party much prevail as a matter of law."[8]  Accepting all of the facts in the light most favorable to Defendants as the non-moving party, the Court finds as follows:

    B.    <u>Breach of Contract Claims</u>.

The Utah Supreme Court has set forth that "[t]he elements of a *prima facie* case for breach of contract are: 1) a contract, 2) performance by the party seeking recovery, 3) breach of the contract by the other party, and 4) damages."[9]

Where the terms of a contract are clear and unambiguous, a trial court may interpret the contract and enter judgment as a matter of law.[10]  When interpreting a contract, a court must first look to the four corners of the agreement to determine the intentions of the parties.[11]  A court then applies the plain meaning rule to preserve the intent of the parties and to protect the

---

[7] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

[8] *Bingaman v. Kansas City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

[9] *Bair v. Axiom Design, L.L.C.*, 20 F.3d 388, 391 (Utah 2001).

[10] *Overson v. United States Fidelity & Guar. Co.*, 587 P.2d 149, 151 (Utah 1978); *Flying J, Inc. v. Comdata Network, Inc.*, 405 F.3d 821, 833 (10th Cir. 2005).

[11] *Ron Case Roofing v. Bloomquist*, 773 P.2d 1382, 1385 (Utah 1989).

agreement from judicial revision.[12]  A contract provision is not necessarily ambiguous simply because one party gives a different meaning to a particular provision than another party.[13]

At the outset, the Court has considered the "four corners" of the parties' agreement and finds that the contract is not ambiguous.  Defendants' arguments regarding who first caused the termination of the agreement or when the termination occurred do not make the agreement ambiguous, as the plain language of the agreement does not require proof of which party breached or terminated the agreement, or even when that party affected the termination.  The Court has applied the plain meaning of the language to preserve the intentions of the parties.  The relevant condition is whether Plaintiff failed to convey the property *when required to do so*.  It is undisputed that Defendants did not satisfy the requisite "milestones," and the agreement was terminated prior to closing.  Therefore, Plaintiff's duty to convey the property was never triggered.  As such, the Court finds, as a matter of law, that § 3.8(a)(I) controls, compensation is capped at $2.5 million, and Plaintiff has already satisfied compensation in excess of that amount.

Defendants argue that the approximately $2.8 million paid by Plaintiffs to settle various claims was perhaps not negotiated in good faith or reasonable.  The Court finds that this issue is not appropriately before the Court.  Defendants have provided no evidence to suggest that the settlements were anything other than reasonable.  Plaintiff, on the other hand, has provided evidence that each of the claims was paid in an amount equal to or lesser than the amount demanded.  Furthermore, it is counter to reason that Plaintiff would pay settlement amounts any

---

[12] *Hal Taylor Assocs. v. Unionamerica, Inc.*, 657 P.2d 743, 749 (Utah 1982).

[13] *Buehner Block Co. v. UWC Assocs.*, 752 P.2d 892, 895 (Utah 1988).

higher than necessary, as that would be at against its own interest. Therefore, the Court finds that there is no material dispute of fact regarding the reasonableness or good faith on Plaintiff's settlement payments.

In sum, the Court finds that, as a matter of law, subsection (I) of the agreement and its $2.5 million cap apply because the termination – whatever its reason, whoever made the termination, and whenever it was made – was for "any reason other than [Plaintiff's] failure to convey [the property] when required to do so." There are no set of facts that can avail Defendants of the relief they seek on their breach of contract counterclaims. Therefore, summary judgment must issue against Defendants on those claims.

    C.    <u>Unjust Enrichment</u>.

"Under Utah law, the theory of '[u]njust enrichment does not apply to every circumstance where one has been benefited by another's detriment.' A claim for unjust enrichment must be supported with a showing of: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.' Inequitable circumstances involve 'some misleading act, request for services, or the like.'"[14]

Defendants have offered no evidence to prove a misleading act or other inequity on the part of Plaintiff. This is especially true in light of the fact that it was Defendant who terminated

---

[14] *Fitzgerald v. Utah Production Credit Association*, 117 F.3d 1428 (10th Cir. 1997) (unpublished opinion) (internal citations omitted).

the agreement, and the agreement expressly provided for the disbursement of compensation and liability upon termination. Section 11.2(b) states that Defendants "shall have no right to receive reimbursement from [Plaintiff] for any funds expended in connection with the Property or Project, to claim any interest in the Company, the Project or the Property, or to receive compensation for the value of their time and efforts expended in connection thereto." Similarly, § 3.8(b)(iii) sets forth that Defendants waive any right to seek a lien or to initiate any similar action or claim, or to otherwise assert any ownership, equitable or other interest in the property or project prior to closing.

Therefore, the Court finds that judgment as a matter of law is appropriate to dispose of this claim.

      D.      <u>Misappropriation and Conversion</u>.

To establish a misappropriation counterclaim, Defendants must prove that Plaintiff wrongfully profited from Defendants' work product.[15] In order to prevail on their conversion counterclaim, Defendants must establish that Plaintiff intentionally exercised control over Defendants' chattel to the point that Plaintiff may justly be required to pay the full value of the chattel.[16]

Defendants argue that their work product benefitted the Project and that Plaintiff continues to utilize these materials. However, this argument is short-circuited by the fact that the

---

[15] *See, e.g., U.S.G.A. v. Arroyo Software Corp.*, 69 Cal.App. 4th 607, 618 (Cal. 1999).

[16] *Mumford v. ITT Commercial Fin. Corp.*, 858 P.2d 1041, 1045 (Ut. Ct. App. 1993).

contract expressly provided for disposition of the "work product" upon termination of the contract.

Section 3.8(b)(ii) of the contract provides that, upon termination for any reason, Defendant must, upon request, convey to Plaintiff, without cost or charge, all materials relating to the Project, and Defendant may not assert any ownership, or equitable or other interest in the property or Project. Section 11.5(a) provides that "[u]pon termination of this Agreement for any reason, [Defendants] shall convey to [Plaintiff] . . . and [Plaintiff] shall retain, without cost or charge, all of the [Plaintiff] Materials contributed, assigned or submitted by [Plaintiff] to [Defendants], free of all liens and encumbrances." Section 11.5(b)(I) further clarifies the scope of materials covered, "including, without limitation, appraisals, environmental impact reports, environmental assessments, soil reports, topographical or other surveys, parcel maps, plans, drawing and specifications, presale reservations agreements, sales contracts and marketing materials."

Similarly, § 3.8(b)(iii) sets forth that Defendants waive any right to seek a lien or to initiate any similar action or claim, or to otherwise assert any ownership, equitable or other interest in the property or project prior to closing. Section 11(b) further states that, in the event of a termination prior to closing, Plaintiff was under no obligation to contribute the property and Defendant had "no further right to acquire same or to have any interest therein."

Therefore, the contract – which the Court has found to be unambiguous and binding – itself precludes this claim by its express terms. Further, because of the express contract provision dealing with this issue, there is no independent duty created here which would create a tort apart

from the contractual obligations between the parties.  The issue of reimbursement is a matter of contract, not tort, law.  Thus, the economic loss doctrine bars this claim.

    E.    <u>Conclusion</u>.

The Court finds that there are no material facts in dispute on the issues raised in the instant Motion and, viewing the evidence in the light most favorable to Defendants as the non-moving party, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment on all of Defendants' remaining counterclaims.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 12) is GRANTED.  This order disposes of all remaining counterclaims brought by Defendants Avalon Deer Valley, L.L.C., Willamette Landing Development, Inc., and A. Paul Brenneke.  The case will now proceed on Plaintiff's Complaint.

    DATED  March 16, 2006.

                                          BY THE COURT:

                                          _____
                                          TED STEWART
                                          United States District Judge