IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER CREST ASSOCIATES I, L.C., a Utah Limited Liability Company,<br><br>    Plaintiffs,<br><br><br><br><br>vs.<br><br><br>DEER CREST RESORT GROUP, L.L.C., a Delaware Limited Liability Company, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF FINAL JUDGMENT ON DEFENDANTS' COUNTERCLAIMS<br><br><br><br><br>Case No. 2:04-CV-220 TS |

This matter is before the Court on Defendants'[1] Motion for Certification of Final

Judgment on Defendants' Counterclaims,[2] brought pursuant to Fed. R. Civ. P. 54(b).  On March

16, 2006, the Court entered its Memorandum Decision and Order Granting Plaintiff's Motion for

Partial Summary Judgment,[3] wherein it disposed of all of Defendants' counterclaims against

---

[1] Although Defendant Deer Crest Resort Group does not join the remaining Defendants in making this Motion, the Court will refer collectively to the movants as Defendants.

[2] Docket No. 79.

[3] Docket No. 72.

1

Plaintiff.  The instant Motion followed.  The Court, having fully considered the pleadings and the file, and being otherwise fully informed, will deny the Motion, as set forth below.

DISCUSSION

Fed. R. Civ. P. 54(b) provides that, in cases where there are remaining claims prior to appeal, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only* upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment."[4]  The Tenth Circuit has clarified that courts are to apply a two-part inquiry in determining whether to enter a Rule 54(b) certification:

> First, the district court must determine that the order it is certifying is final order.  Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[5]

As a general matter, the Tenth Circuit has acknowledged "a policy against piecemeal appeals – a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case."[6]

In this case, Defendants ask the Court to certify for immediate appeal its March 16, 2006 Order.  Oral argument on the parties' cross-motions for partial summary judgment is scheduled for July 18, 2006, and a five-day bench trial is scheduled for September 18-22, 2006.

---

[4] Fed. R. Civ. P. 54(b) (emphasis added).

[5] *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

[6] *Id.* at 1241 (internal citations omitted).

I.    Final Order

The Tenth Circuit has stated that "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."[7]  The *Brunner* court adopted two factors to aid in this determination: "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief."[8]

In this case, the Court finds that the factual and legal issues presented in Defendants' counterclaims overlap to an extent that precludes interlocutory appeal.  Both the counterclaims and the underlying claims stem from the same occurrence.[9]  Specifically, both parties' claims arise from the same contract and the same underlying facts, call for legal interpretation of overlapping operative language in the contract, and involve the same disputed costs and fees. The parties both seek similar relief in their dispute of the ultimate legal question of the case – which party is responsible under the contract to pay certain costs and fees upon termination thereof.

II.   No Just Reason for Delay

In weighing the second prong, "no precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of

---

[7] *Id.* at 1243.

[8] *Id.* (internal citations omitted).

[9] *See Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002).

3

preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."[10]

In support of its Motion and in reply, Defendants provide no grounds which would aid the Court in its determination of the second prong.  Defendants argue that an interlocutory appeal "on which contract provision should apply will simplify this Court's resolution of" the underlying claims.[11]  However, this argument is inconsistent with Defendant's assertion that the parties' claims are separate and distinct.

To the contrary, the Court finds that Defendants would suffer little or no hardship or injustice for having to wait – like so many similarly situated litigants – for final resolution of the remaining claims.  This is especially true in light of the fact that this Court is set to rule on the cross-motions for summary judgment in July, and hold a bench trial in September of this year. For the reasons stated above, the Court sees no reason to parse these issues on the eve of a final resolution of the entire case.  The Court believes that doing so would create the piecemeal litigation that clearly stated policy seeks to prevent.

III.    Conclusion

In this case, the Court finds that allowing a piecemeal appeal of the issues would result in undue delay and would unnecessarily prolong these proceedings.  Therefore, there is just reason for delaying Plaintiff's appeal until there is a final adjudication on all claims before the Court.

---

[10] *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976) (internal citations omitted).

[11] Docket No. 79, at 5.

4

The claims of the parties in this case present similar and inter-related issues that would more effectively and efficiently be addressed as part of a single appeal when this case has been finally adjudicated.

Based upon the above, it is hereby

ORDERED that Defendants' Motion for Certification of Final Judgment on Defendants' Counterclaims (Docket No. 79) is DENIED.

DATED this 6th day of June,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge