IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER CREST ASSOCIATES I, L.C., a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br><br><br>        vs.<br><br><br>DEER CREST RESORT GROUP, L.L.C., a Delaware Limited Liability Company, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:04-CV-220 TS |

This matter is before the Court on Plaintiff's Motion[1] for Partial Summary Judgment.[2]

The Court finds that oral argument would not be helpful to its determination of the instant

---

[1] This Motion pertains to all Defendants except the first named Defendant, Deer Crest Resort Group (DCRG). The Court will refer to Avalon Deer Valley, L.L.C., Willamette Landing Development, Inc., and A. Paul Brenneke simply as Defendants herein.

[2] Docket No. 82. The Court notes that Plaintiff previously filed an identically-titled Motion, which pertained to Defendants' counterclaims, which was granted by the Court on March 16, 2006. Docket No. 72. The instant Motion would more appropriately have been styled a second motion.

Motion.  Having reviewed the pleadings and the file and being otherwise fully informed, the Court will deny Plaintiff's Motion for Summary Judgment, as set forth more fully below.

<u>BACKGROUND</u>

This matter was removed from state court on March 8, 2004.  After permitting additional Fed.R.Civ.P. 56(f) discovery,[3] this Court granted Plaintiff's initial Motion for Partial Summary Judgment on Defendant's then-existing counterclaims on March 16, 2006.[4]  Thereafter, on April 13, 2006, the Magistrate Judge allowed Defendants to file an amended counterclaim, asserting a breach of the covenant of good faith and fair dealing against Plaintiff.[5]

On April 12, Defendants made a Motion for Certification of Final Judgment on their counterclaims,[6] which the Court denied on June 6, 2006.[7]  Plaintiff filed the instant Motion for Partial Summary Judgment[8] on May 5, 2006, regarding four of its six causes of action, as well as on Defendants' newly asserted counterclaim.

A five-day bench trial is presently scheduled in this case to begin on September 18, 2006, and a final pretrial conference is scheduled for August 31, 2006 at 2:30 p.m.

---

[3] Docket No. 30.

[4] Docket No. 72.

[5] Docket No. 78.

[6] Docket No. 79.

[7] Docket No. 91.

[8] Docket No. 82.

DISCUSSION

As just noted, before the Court in this partial summary judgment context are four of Plaintiff's six causes of action[9] – breach of contract,[10] breach of personal guarantee,[11] declaratory relief,[12] and injunctive relief[13] – as well as Defendant's amended counterclaim for breach of the covenant of good faith and fair dealing.  The Court finds that there are genuine issues of material fact which are in dispute on all five claims and, consequently, judgment as a matter of law is precluded.

A.    Standard of Review.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14]  In reviewing the record, the Court views the evidence and draws any inferences therefrom in the light most favorable to the party opposing summary judgment.[15]  The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a

---

[9] Plaintiff's negligent misrepresentation and unjust enrichment claims are not a subject of the instant Motion for Partial Summary Judgment and are not addressed by the Court herein.

[10] Brought against Defendants Brenneke, Avalon, and Willamette.

[11] Brought against Defendant Brenneke only.

[12] Brought against all Defendants, including Deer Crest Resort Group.

[13] Brought against Defendants Brenneke, Avalon, and Willamette.

[14] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[15] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

3

[fact-finder] or whether it is so one-sided that one party must prevail as a matter of law."[16]

Accepting all of the facts in the light most favorable to Defendants as the non-moving party, the

Court finds as follows:

      B.     <u>Breach of Contract</u>.

     The Utah Supreme Court has set forth that "[t]he elements of a *prima facie* case for

breach of contract are: 1) a contract, 2) performance by the party seeking recovery, 3) breach of

the contract by the other party, and 4) damages."[17]

     The Court, in its March 16, 2006 Order, found that the contract at issue in this case is not

ambiguous.[18]  The Court also determined, as a matter of law, that Defendants could not prevail

on their breach of contract claims against Plaintiff.  In support thereof, the Court found that the

contract was terminated "whatever its reason, whoever made the termination, and whenever it

was made,"[19] without making a direct finding regarding Plaintiff's conduct as it related to a

material or mutual breach, such that would excuse any breach by Defendants.  Indeed, the

conduct of the parties and the legal implications arising therefrom are questions of fact to be

resolved by the fact-finder[20] at trial.

---

[16] *Bingaman v. Kansas City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

[17] *Bair v. Axiom Design, L.L.C.*, 20 F.3d 388, 391 (Utah 2001).

[18] Docket No. 72, at 4.

[19] *Id.* at 5.

[20] Because this case is set for a bench trial, the fact finder in this case will be the Court.

The Court finds that there are genuine issues of material fact regarding the second and third prongs – performance by and breach by the party seeking recovery.  By its previous findings, the Court did not determine that Plaintiff's hands were clean, nor did it find to the contrary.  The parties dispute whether Plaintiff committed a material or a mutual breach which would excuse or mitigate a breach by Defendants.  While Defendants admit their failure to meet some milestones under the contract, they argue that those failures were excused because of Plaintiff's failures which harmed Defendant's ability to complete the milestones, and also because of the "Force Majuere" of the events of September 11, 2001.[21]  These issues must be resolved by the fact-finder at trial.

The Court also finds that there are genuine issues of material fact regarding the fourth prong – damages.  While the parties agree that their obligations under the contract are determined by the termination date thereof, there are genuine and, indeed, significant, factual disputes regarding the date of that termination.  Because of the gravity of the legal consequences of the determination of the relevant termination date, that issue is clearly material.  The parties also strenuously disagree regarding the existence and extent of damages or compensation due under the contract.  The parties dispute the timing and methodology of Mr. Chen's accounting, and the amount resulting therefrom.  In addition to any amount owed, the parties further dispute whether and how much each has already contributed.

It is clear to the Court that summary judgment is not appropriate on Plaintiff's breach of contract claim against Defendants.

---

[21] Docket No. 93, at 9-10.

C.    Breach of the Covenant of Good Faith and Fair Dealing.

Defendants, with leave of court, have brought an additional counterclaim against Plaintiff for an alleged breach of the covenant and good faith and fair dealing.

The Utah Supreme Court has established that "a covenant of good faith and fair dealing inheres in most, if not all, contractual relationships."[22] "Under the covenant of good faith and fair dealing, each party impliedly promises that he will not intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of this contract."[23] Further, "[t]o comply with [its] obligation to perform a contract in good faith, a party's actions must be consistent with the agreed common purpose and the justified expectations of the other party. The purpose, intentions, and expectations of the parties should be determined by considering the contract language *and* the course of dealings between and conduct of the parties."[24]

The disposition of this claim in inextricably tied to Plaintiff's first cause of action for breach of contract because Defendants argue that Plaintiff's breach of the covenant of good faith and fair dealing excused or contributed to any breach of the contract on their part. Therefore, for the reasons explained above, the Court finds that there are genuine issues of material fact regarding the conduct of the parties and the effect, if any, of that conduct as it relates to this claim. Summary judgment is not appropriate as to Defendants' counterclaim.

---

[22] *St. Benedict's Development Co. v. St. Benedicts Hospital*, 811 P.2d 194, 199 (Utah 1991).

[23] *Id.*

[24] *Id.* at 200.

      D.     <u>Breach of Personal Guarantee</u>.

Because any personal guarantee Mr. Brenneke made regarding the Project arises out of the contract itself, the Court incorporates its findings above and will also deny Plaintiff's Motion for Partial Summary Judgment as to Plaintiff's claim of a breach of personal guarantee.

      E.     <u>Declaratory and Injunctive Relief</u>.

In its fifth and sixth causes of action, Plaintiff seeks declaratory and injunctive relief. Given the Court's findings herein, these claims are premature and not suitable for judgment as a matter of law at this juncture.  The Court will consider these issues during the course of  the upcoming bench trial.

      E.     <u>Conclusion</u>.

The Court finds, viewing the evidence in the light most favorable to Defendants as the non-moving party, that genuine issues of material fact which are in dispute on all five claims and, consequently, summary judgment is not appropriate.  Therefore, the Court DENIES Plaintiff's Motion for Partial Summary Judgment on all claims raised therein.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 82) is DENIED.  The Court will refer the parties to settlement conference by separate order.  In any event, a five-day bench trial is scheduled to proceed on September 18, 2006, and a final pretrial conference is scheduled for August 31, 2006, at 2:30 p.m.

DATED  July 18, 2006.

BY THE COURT:


TED STEWART
United States District Judge