IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER CREST ASSOCIATES I, L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DEER CREST RESORT GROUP, L.L.C., a Delaware Limited Liability Company, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE<br><br><br><br>Case No. 2:04-CV-220 TS |

This matter is before the Court on Plaintiff's Motion in Limine,[1] filed September 11, 2006. Defendants filed their response on September 14, 2006.[2] The Court finds that a hearing is not necessary for the resolution of this matter. Having considered the pleadings, the file and the history and prior rulings in this case, the Court will grant, in part, and deny, in part, Plaintiff's Motion, as set forth more fully below.

---

[1] Docket No. 113.

[2] Docket No. 117.

1

Pursuant to Fed. R. Evid. 103, 104(a), 402, and 403, Plaintiff seeks the exclusion at trial of evidence, including witnesses and/or exhibits regarding the following: 1) whether Defendants are entitled to an offset from recoverable damages for any amounts expended by Defendants on the Deer Crest Project; and 2) whether Defendants retain any interest in the Deer Crest Project, or the property, materials, or land use entitlements for the Deer Crest Project.

Based on the Court's prior rulings in this case, Defendants concede that evidence may not be offered relating to the second category. Therefore, the Court will exclude evidence, including witnesses and/or exhibits, regarding whether Defendants retain any interest in the Deer Crest Project, or the property, materials or land use entitlements for the Deer Crest Project, as those issues are precluded as a matter of law.

As noted in its previous ruling, the Court will allow Defendants the opportunity to assert their claim of a breach of the covenant of good faith and fair dealing. To the extent such a claim includes evidence as to whether Defendants are entitled to an offset from recoverable damages for any amounts expended by Defendants on the Deer Crest Project, Defendants will be allowed to make their case. Whether Defendants will be awarded any offset is another matter.

Based upon the above, it is hereby

ORDERED that Plaintiff's Motion in Limine (Docket No. 113) is granted, in part, and denied, in part. No evidence will be allowed at trial regarding whether Defendants retain any interest in the Deer Crest Project, or the property, materials or land use entitlements for the Deer Crest Project. However, the Court will allow evidence regarding whether Defendants are entitled to an offset from recoverable damages for any amounts expended by Defendants on the Deer Crest Project,

to the extent such evidence may support its cross-claim for breach of the covenant of good faith and fair dealing.

DATED this 15th day of September, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge