IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER CREST ASSOCIATES I, L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DEER CREST RESORT GROUP, L.L.C., a Delaware Limited Liability Company, et al.,<br><br>Defendants, | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANTS' OBJECTION TO PROPOSED FINAL JUDGMENT<br><br><br><br>Case No. 2:04-CV-220 |

This matter came before the Court for a five-day bench trial on September 18-22, 2006. On February 12, 2007, the Court issued its Findings of Fact and Conclusions of Law.[1] In the Findings of Fact and Conclusions of Law, the Court directed Plaintiff to "prepare and submit a form of judgment, which includes an award of pre-judgment interest and post-judgment interest."[2] On March 20, 2007, Plaintiff submitted a proposed Final Judgment, to which Defendants Avalon Deer Valley, LLC, Willamette Landing Development, Inc. and A. Paul

---

[1] Docket No. 129.

[2] *Id*. at 57.

Brenneke ("Defendants") objected. In particular, Defendants objected to the beginning dates of the pre-judgment interest calculations.

### I. STANDARD

"A prejudgment interest award is proper when 'the damage is complete, the loss can be measured by facts and figures, and the amount of loss is fixed as of a particular time.'"[3] "Further, a court may only award prejudgment interest if damages are calculable within a mathematical certainty."[4] "For damages to be calculable with mathematical certainty, they must be ascertained 'in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury, or for elements that cannot be measured by any fixed standards of value.'"[5]

### II. PREJUDGMENT INTEREST

With this standard in mind, the Court turns to the facts at hand. In its prior Findings of Fact, the Court found that Plaintiff had "incurred $1,430,456.85 in carrying costs, interest, soft costs, and professional fees and attorney fees through September 22, 2006, that should have been paid by Defendants according to the terms of the Operating Agreement as amended."[6]

---

[3] *Lefavi v. Bertoch*, 994 P.2d 817, 823 (Utah Ct. App. 2000) (quoting *Andreason v. Aetna Cas. & Sur. Co.*, 848 P.2d 171, 177 (Utah Ct. App. 1993)).

[4] *Id*.

[5] *Id*. (quoting *Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.*, 784 P.2d 475, 483 (Utah Ct. App. 1999)).

[6] Docket No. 129, Findings at ¶ 157.

### A.   Carrying Costs

Under the Operating Agreement, Defendants were to pay directly or reimburse Plaintiff for certain carrying costs.[7] The February 8, 2002 Memorandum of Understanding ("MOU") was binding on the parties and constituted an amendment to the Operating Agreement.[8] The MOU provided that carrying costs under the Operating Agreement accrued from May 1, 2001, would continue to accrue and were required to be paid in full, together with interest, upon the earlier of the phase I development loan closing or the termination of the agreement.[9] The accrued carrying costs were to accrue interest at a rate of 20% until paid.[10] Thus, the Court awarded $823,881.50, which constituted the carrying costs including interest at a rate of 20% from May 1, 2001. As this award is based on the parties' agreements, Defendants' objections, as they relate to carrying costs, are overruled.

### B.   Non-Carrying Costs

Defendants incurred certain non-carrying or soft costs.[11] Under the Operating Agreement, Defendants were required to pay for these costs, which they did not.[12] Defendant Avalon provided a spreadsheet to Plaintiff on January 31, 2003, which detailed these costs.[13]

---

[7] *Id*. Findings at ¶ 29.

[8] *Id*. Findings at ¶ 70.

[9] *Id*. Findings at ¶ 73.

[10] *Id*. Findings at ¶ 74.

[11] *Id*. Findings at ¶ 146.

[12] *Id*.

[13] *Id*. Findings at ¶ 147.

Defendants failure to pay these costs resulted in Plaintiff incurring substantial costs to cover these amounts.[14]

The Proposed Final Judgment selects March 5, 2003, as the date that pre-judgment interest should begin to accrue with regard to non-carrying costs.  March 5, 2003, is the date on which the Court found that the Operating Agreement terminated.[15]  Defendants argue that the soft costs were erroneously calculated until the time of trial in September 2006 and that interest should not begin to accrue until September 17, 2006, when Plaintiff submitted a revised invoice.

As noted above, a pre-judgment interest award is proper when the damage is complete, the loss can be measured by facts and figures, and the amount of loss is fixed as of a particular time.  In this case, the damage was complete as of March 5, 2003.  That is the date on which the Operating Agreement was terminated.  At that date, the loss amount was fixed and could be measured by facts and figures.  These amounts constitute the costs incurred by Defendants which were later paid by Plaintiff.  As the party who incurred these costs Defendants were aware of them and cannot now argue that they were not.

### III.  CONCLUSION

For the reasons stated above, the Court will overrule the objections made by Defendants to the proposed Final Judgment and will enter judgment in accordance with the form submitted by Plaintiff.

---

[14]*Id*. Findings at ¶¶ 148–156.

[15]*Id*. Conclusions at ¶ 3.

DATED   June 27, 2007.

                                    BY THE COURT:

                                    _____
                                    TED STEWART
                                    United States District Judge