IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEER CREST ASSOCIATES I, L.C.,<br><br>Plaintiff,<br><br>vs.<br><br>DEER CREST RESORT GROUP, et al.<br><br>Defendants. | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES<br><br><br><br>Case No. 2:04-CV-220 TS |

      This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees.[1] Plaintiff argues that pursuant to a contract between parties, Plaintiff is entitled to an award of attorneys' fees. Defendants argue that the total amount of fees is unreasonable and that fees for an unsuccessful partial summary judgment motion, time spent obtaining a permit from the Summit County Planning Commission and preparation of a litigation budget should not be included. This motion is fully briefed. For the reasons discussed below, the Court will grant Plaintiff's Motion for Attorneys' Fees.

I. PROCEDURAL HISTORY AND BACKGROUND FACTS

      Plaintiff filed this suit on January 13, 2004, in the Third Judicial District of Court, State of Utah. Defendants then removed this action to this Court on March 8, 2004. A bench trial was

---

[1]Docket No. 140.

1

held from September 18-22, 2006. Plaintiff was the prevailing party and the Findings of Fact and Conclusions of Law were entered on February 13, 2007.[2] This Court noted that the terms of the Operating Agreement executed by the parties provided for "reasonable legal fees and expenses" arising from a breach by Defendants.[3] Plaintiff requests $279,726.00 in attorneys' fees. As support for this award, Plaintiff details over 1123 hours of attorney time and 353 hours of para-professional time billed at rates Plaintiff asserts are consistent with this market.[4]

Defendants state in their Opposition that based on the relevant factors to be considered, Plaintiff's fee is unreasonable. Defendants' contention is with the number of hours spent prosecuting this case. Defendants compare total fees and assert that Plaintiff's fee is unreasonable because it is almost $100,000 more than Defendants' fee. Defendants also argue that nearly $26,000 in fees related to Plaintiff's unsuccessful Motion for Partial Summary Judgment should not be included. Defendants also argue that $2,145 in fees for time spent seeking permit approval before the Summit County Planning Commission and $1,155 in fees for time spent preparing a litigation budget should not be included.

### III. DISCUSSION

A.  Reasonableness of the Total Fee

Attorneys' fees and costs can be awarded only if authorized by statute or contract.[5] Meticulous time records allow the Court to calculate the lodestar amount – the base attorney fee

---

[2]Docket No. 129.

[3]*Id*. at 41-42.

[4]Pl.'s Mot. for Att. Fees at 2 (Docket No. 140), *see also* Declaration of Attorneys' Fees at 4 (Docket No. 141).

[5]*Baldwin v. Burton*, 850 P.2d 1188, 1198 (Utah 1993).

computed as the reasonable number of hours times the reasonable hourly rate.[6] The lodestar amount "is the presumptively reasonable fee."[7] The Tenth Circuit "has long applied the *Johnson* lodestar factors to assess the reasonableness of attorney's fees,"[8] however, not all factors are relevant to every action.[9]

> The Johnson factors include: the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the 'undesirability' of the case, the nature and length of the professional relationship with the client, and awards in similar cases.[10]

In this case, Plaintiff and Defendants entered into an Operating Agreement that allowed for reasonable legal fees in the event of a breach. As to reasonableness, Defendants focus on only a few of the *Johnson* factors. The Court will address the following: (1) time and labor required; (2) the novelty and difficulty of the question presented by the case; (3) the amount involved; and (4) the results obtained. The parties provide no details which allow the Court to discuss the other *Johnson* factors.

---

[6] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[7] *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994).

[8] *In re Miniscribe Corp.*, 309 F.3d 1234, 1244 (10th Cir. 2002) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

[9] *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

[10] *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 n.3 (10th Cir. 1995) (internal quotations omitted).

As to time and labor required, both parties agree that this was a complex contract dispute lasting more than three years. Defendants note that there were stretches of time where little activity occurred, however, there were multiple pre-trial motions filed and activity in the case did span several years. This case resulted in a trial, which requires a considerable expenditure of time and resources. As to the novelty and difficulty of the question presented, this case involved a series of complicated, complex contract issues that had to be addressed by both parties and resolved by the Court. As to the amount involved, Plaintiff obtained a substantial judgment in excess $1.5 million dollars.

Defendants contention that Plaintiff's fees are unreasonable because Defendants have only incurred $185,000 in fees, as opposed to Plaintiff's $280,000, is unavailing. The Court finds that Plaintiff's attorneys' fees are reasonable.

### B. Partial Summary Judgment Fees

Defendants next argue that because Plaintiff was unsuccessful in its Motion for Partial Summary Judgment, time related to preparing for that motion should not be included in the fee. Plaintiff asserts that motioning for partial summary judgment was "reasonably calculated to promote plaintiff's interest" and that the legal arguments asserted in that motion eventually prevailed once the factual issues were fully developed.[11]

The lodestar amount may be reduced where a plaintiff "achieved only partial or limited success."[12] However, "in evaluating whether the lodestar amount should be adjusted when the prevailing party obtained only partial success, the court must consider two questions: (1) whether

---

[11] Pl.'s Reply Mem. at 4 (Docket No. 149).

[12] *Holland v. GMAC Mortgage Corp.*, 2007 WL 293931, *3 (D. Kan. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

the claims on which the plaintiff did not prevail were related to those on which [the plaintiff] did prevail; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."[13]  Moreover, "the court does not merely tally plaintiff's wins and losses; instead, the court qualitatively assesses the significance of plaintiff's successes and failures."[14]  "The key question is whether plaintiff achieved the principal goals of the lawsuit."[15]

In this case, Plaintiff's unsuccessful motion was related to the claims on which it eventually prevailed.  Particularly in the context of a failed motion for summary judgment, in which fact development is critical,[16] a subsequent success is possible after material issues of fact are resolved.  Plaintiff ultimately achieved the goals of this lawsuit and, therefore, attorneys' fees for the partial summary judgment motion are appropriately included in the total fee.

### C.  Litigation Budget and Permit Approval Fees

Defendants next contend that attorneys' fees incurred in matters not directly related to the prosecution of its claims and defenses should not be awarded.  Specifically, Defendants dispute the inclusion of fees incurred in seeking permit approval before the Summit County Planning Commission and in preparing a litigation budget.

---

[13] *Metz*, 39 F.3d at 1493.

[14] *Holland*, 2007 WL 293931, *4 (citing *Dill v. City of Edmond*, 72 F.App'x 753, 757 (10th Cir. 2003)).

[15] *Id*. (internal quotations omitted).

[16] *See* Fed. R. Civ P. 56(c) (summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law).

As stated above, matters related to the core suit can be appropriately included in the total fee.  Seeking permit approval was related to the development of the Project and Development of a litigation budget is related to the prosecution of this suit.  Therefore, time billed for those matters is appropriately included in the total fee.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorneys' Fees (Docket No. 140) is GRANTED.  The hearing scheduled for October 29, 2007, is hereby vacated.

DATED   October 24, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge